

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Mag. Case No. '08 MJ 8149 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF: |
| v. | Title 8, U.S.C., Section 1324 (a)(1)(A)(ii) Illegal Transportation of Aliens |
| Sergio URUETA-Herrejon, | |
| Defendant. | |

The undersigned complainant, being duly sworn, states:

On or about February 17, 2007, within the Southern District of California, defendant Sergio URUETA-Herrejon, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Zenai SALMERON-Valle, Israel SALMERON-Valle, and Bogar PAUL-Mendez, had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Senior Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 19th DAY OF FEBRUARY 2008.

PETER C. LEWIS
United States Magistrate Judge

UNITED STATES OF AMERICA

I, Senior Border Patrol Agent Marco Miranda declare under penalty of Perjury, the following is true and correct:

# PROBABLE CAUSE STATEMENT

The complaint states that this complaint is based upon statements in the investigative reports by the apprehending agent, Canine Border Patrol Agent F. Contreras that on February 17, 2008, the defendant, Sergio URUETA-Herrejon, a citizen of Mexico was apprehended on Highway 98 approximately seventeen miles east of Calexico, California, as he attempted to smuggle ten illegal aliens inside a motor home.

At approximately 5:10 A.M., Agents J. Vega-Torres and Soto were following a group of ten suspected illegal aliens that had crossed illegally into the United States east of Calexico, California. Agent Vega-Torres contacted the Remote Video Surveillance Systems Operator (RVSS) and advised them to scan north in an attempt to locate the group. The RVSS operator notified Agents Vega-Torres and Soto that the group was located and was south of the eastbound lanes of Interstate 8. The RVSS operator observed a large van type of vehicle pull over to the shoulder of Interstate 8 next to the group. The RVSS operator observed the group run toward the vehicle and board it. The RVSS operator maintained visual of the vehicle and notified agents that the vehicle was traveling eastbound on Interstate 8. The vehicle took the Highway 98 exit and proceeded westbound on Highway 98.

Canine Contreras was near the area and observed the vehicle approach his location. Canine Contreras confirmed with the RVSS operator as the vehicle that the group of individuals boarded. Canine Contreras followed the vehicle as it traveled westbound on Highway 98. Canine Contreras activated his emergency lights and sirens on his service vehicle and attempted to perform a vehicle stop. The vehicle failed to yield and continued traveling westbound on Highway 98. Agent Vega-Torres was positioned west of Canine Contreras and successfully deployed a Controlled Tire Deflation Device, deflating the front passenger tire.

The vehicle slowed down and stopped on the shoulder of the road. Canine Contreras approached the vehicle and opened the side door. Canine Contreras saw eleven individuals lying on the floor. Canine Contreras identified himself as a United States Border Patrol Agent and questioned the subjects as to their immigration status. All the subjects stated that they were citizens of Mexico and illegally in the United States. Canine Contreras noticed the driver's seat was empty. Canine Contreras also noticed that the individual closest to the driver's seat, later identified as Sergio URUETA-Herrejon appeared clean and dry. All the subjects were transported to the Calexico Station for processing.

At approximately 8:06 A.M. hours, URUETA was advised of his Miranda Rights. URUETA stated that they understood their rights and were willing to answer questions without an attorney present.

The driver of the motor home, Sergio URUETA-Herrejon stated that he was smuggled into the United States approximately eight days ago and was taken to a stash house in Calexico, California. URUETA stated that while at the stash house the smuggler asked him if he could pick up a group of aliens on the interstate. URUETA stated he was given instruction and a radio to communicate with the smugglers. URUETA also said that

he was supposed to drop off the aliens at Wal-Mart in Calexico, California where he would meet with the smuggler. URUETA said he was aware that it is illegal to pick up illegal aliens.

Material Witnesses Zenai SALMERON-Valle, Israel SALMERON-Valle, and Bogar PAUL-Mendez all stated that they crossed into the United States and were instructed to board a raft to cross them across the All American Canal. The guide gave them instructions to walk toward a set of light and upon their arrival a vehicle would be picking them up. Zenai SALMERON-Valle, Israel SALMERON-Valle, and Bogar PAUL-Mendez made arrangements with an unknown individual to be smuggled into the United States for a fee of $1,000.00. All three subjects stated that they waited there until they were picked up by the vehicle they were arrested in.

Zenai SALMERON-Valle, Israel SALMERON-Valle, and Bogar PAUL-Mendez were shown a six-pack photo lineup, they all positively identified Sergio URUETA-Herrejon as the driver of the vehicle they were arrested in.

The complaint state that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Zenai SALMERON-Valle | Mexico |
| Israel SALMERON-Valle | Mexico |
| Bogar PAUL-Mendez | Mexico |

Further, complaint states that, Zenai SALMERON-Valle, Israel SALMERON-Valle, and Bogar PAUL-Mendez, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to their criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

Executed on February 18, 2008 at 0900.

_____
Senior Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 3 pages, I find Probable cause to believe that the defendant named in this probable cause statement committed the offense on February 17, 2008 in violation of Title 8, United States Code 1324.

_____
William McCurine, Jr.
United States Magistrate Judge

2/18/08  0900
Date/Time