1  CIRO HERNANDEZ, ESQ SB#174791
   551 Third Avenue
2  Chula Vista, CA 91910
   Telephone:  (619) 266-0389
3  Fax:        (619) 501-2493

4  Attorney for Material Witness

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No.08cr0549LAB | |
| Plaintiff ) | | |
| v. ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, MOTION FOR VIDEOTAPE DEPOSITION AND RELEASE OF MATERIAL WITNESS | |
| SERGIO URUETA-HERREJON ) | | |
| Defendant ) | Hearing Date: April 17, 2008<br>Time:   10:30 a..m.<br>Court:  5<br>Judge:  Hon. Barbara Lynn Major | |

Material Witness, BOGAR PAUL-MENDEZ, respectfully submit the following Memorandum of Points and Authorities in Support of his Motion for Videotape Deposition and Release of Material Witness.

**STATEMENT OF FACTS**

Bogar Paul-Mendez was taken into custody on February 17, 2008. He was a passenger in a vehicle driven by the defendant, which contained nine other undocumented aliens. On February 27, 2008, the defendant was indicted on three counts of violation of Title 8, United States Code, Section 1324 (a) (1) (A) (ii), and (v) (II).

No.08cr0549LAB

1    As of the date of this motion, the material witness has no prospects of obtaining a surety.
2 One potential surety was contacted on behalf of material witness BOGAR PAUL-MENDEZ.
3 The potential surety failed to qualify as a surety.
4    He has no other friends or relatives who could qualify as a surety on his behalf.  In
5 Mexico, Mr. Paul-Mendez works as security officer. He supports a wife and child in Mexico.
6 The material witness was coming to the United States to find work, in order to provide that
7 support.  Requiring the material witness to remain in custody during the pendency of the case
8 constitutes a severe economic and emotional hardship for him, and even more severely, for his
9 family who is receiving less support during the time he is incarcerated.

## POINTS AND AUTHORITIES

### DEPOSITION IS APPROPRIATE IN THESE CIRCUMSTANCES

In <u>Torres-Ruiz v. United States, 120 F.3d. 933,</u> (9th cir. 1997), the Ninth Circuit <u>mandated</u> the use of videotape depositions when the material witness testimony can be adequately secured by deposition and further detention is not necessary to prevent the failure of justice. (emphasis added; see 18 U.S.C. § 3144) In <u>Torres-Ruiz</u>, the witnesses were the sole support of their families in Mexico, and their continued incarceration constituted a hardship on thier families in Mexico.  The <u>Torres-Ruiz</u> Court clarified that denial of a motion to videotape the witness' testimony is limited to situations in which a "failure of justice" would occur because the deposition would not serve as an adequate substitute for the witness' live testimony.

As of the date of this hearing, the MATERIAL WITNESS has been in custody over two months, and continued incarceration constitutes an economic hardship for him and his family.  It is not necessary to continue to detain him because no failure to justice would occur by videotaping his testimony.  His  testimony can be adequately secured by granting this Motion, and there has been no showing that the deposition testimony would be different from the live

No.08cr0549LAB

1   testimony, and he is subject to the subpoena power of this Court.  Therefore, it is requested the
2   Court grant this Motion and order the videotape deposition of the MATERIAL WITNESS
3   forthwith, to occur within 10 days of granting this Motion.  The Material WITNESS also request
4   the Court order his  immediate release upon conclusion of this deposition.

6   DATED:    March 28, 2008                    /S/ Ciro Hernandez
                                                CIRO HERNANDEZ
7                                                Attorney for Material Witnesses

28                             No.08cr0549LAB